UNITED STATES DISTRICT COURT

WESTERN DISTRICT COURT OF WISCONSIN

MARILYN MAY SLONIKER,

as Trustee of the

MARILYN MAY SLONIKER LIVING TRUST,

Plaintiff,

v.   Case No. 26-cv-172-wmc

EDUCATORS CREDIT UNION;

ANY SHERIFF'S DEED HOLDER OF

246 WEST GRAND AVENUE, BELOIT, WISCONSIN;

JOHN DOE 1–10 (Unknown Claimants),

Defendants.

COMPLAINT TO QUIET TITLE

PARTIES

1. Plaintiff Marilyn May Sloniker is the duly acting Trustee of the Marilyn May Sloniker Living Trust, which holds legal and equitable interest in the real property described below.

2. Defendant Educators Credit Union is a Wisconsin credit union that previously asserted a mortgage and foreclosure claim against the subject property.

3. Defendants John Doe 1–10 are unknown persons or entities who may claim an interest adverse to Plaintiff. Their identities are presently unknown.

JURISDICTION & VENUE

4. This action is brought pursuant to Wis. Stat. § 840.01, to determine adverse claims to real property.

5. The property is located in Rock County, Wisconsin, making venue proper.

PROPERTY AT ISSUE

6. The real property that is the subject of this action is commonly known as:

246 West Grand Avenue, Beloit, Wisconsin,
Rock County Tax Parcel No. 206-1353-0061,
and more particularly described in that certain Quit Claim Deed recorded March 7, 2024, as Document No. 2257917 in the Office of the Rock County Register of Deeds, which legal description is incorporated herein by reference as though fully set forth.

FACTUAL ALLEGATIONS

7. On or about March 7, 2024, the subject property was lawfully conveyed into the Marilyn May Sloniker Living Trust, with Plaintiff acting as Trustee.

8. Plaintiff holds legal title to the property in trust, separate from any individual or prior entity capacity.

9. Defendants claim or may claim an interest in the property based upon a prior foreclosure proceeding and resulting instruments.

10. Plaintiff alleges that any such claim is void or voidable, and constitutes a cloud on title, for the following reasons:

a. The foreclosing party failed to establish lawful standing as a creditor entitled to enforce the debt.

b. The foreclosure sale was conducted by credit bid without proof of lawful authority to bid.

c. Any sheriff's deed or derivative conveyance issued under such circumstances is legally defective.

d. Enforcement and conveyance continued despite a change in title and capacity into trust.

11. Defendants have failed to demonstrate superior title to that held by Plaintiff.

CLAIM FOR RELIEF – QUIET TITLE

12. Plaintiff realleges paragraphs 1–11.

13. Plaintiff holds superior legal and equitable title to the subject property.

14. Defendants' claims are adverse, unfounded, and constitute a cloud on title.

15. Plaintiff is entitled to judgment quieting title pursuant to Wis. Stat. § 840.01.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Declare Plaintiff holds lawful title to the subject property;
B. Declare Defendants' claims void and without legal effect;
C. Quiet title in favor of Plaintiff as Trustee;
D. Order correction of public records as necessary;
E. Bar Defendants from asserting future claims;
F. Award costs and such other relief as the Court deems just.

Respectfully submitted,

_Marilyn May Sloniker_ Date 2/24/26

Marilyn May Sloniker, Trustee

Marilyn May Sloniker Living Trust

PO BOX 104

Beloit, WI 53512